IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. SHELLEY,

                                                          ORDER

                Plaintiff,

                                                  08-cv-107-bbc

       v.

RANDY HOENISCH and
ROBERT DICKMAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Thomas Shelley has submitted a document titled "Proposed Order" (Dkt. #29), in which he complains that since early 2007, he and other inmates at the Marathon County jail have had difficulty obtaining access to legal research. He states that just recently, on May 2, 2008, he got an error message on the jail's computer when he tried to access a legal research website. He asks that the court enter an order requiring jail officials to "unblock sites." I construe plaintiff's submission as a motion for an order enjoining the defendants from interfering with his right of access to the courts.

      The question whether plaintiff's right of access to the courts is being infringed by the failure of jail officials to perfectly maintain the jail's legal research computer is not an issue

1

that was raised in plaintiff's underlying complaint. It is a new claim of constitutional wrongdoing that plaintiff is asserting against persons who may or may not be parties to this lawsuit. In other words, it is a claim that is not properly raised in the context of this lawsuit. There is one situation in which I may take up the matter of court access in the context of a pending lawsuit that did not include the claim in the underlying complaint. If a prison official were actively and physically to block a plaintiff's ability to come to trial or defend against a motion filed by the defendants, I may ask defendants' counsel to look into the matter and report the circumstances to the court. This authority to entertain an issue that was not formally raised in the complaint stems from the court's inherent powers to exercise administrative control over the progress of the suits submitted to it for adjudication.

Here, plaintiff is not alleging that he is being prevented from coming to trial or defending against a pending motion filed by the opposing party. His inability to view legal research websites as often as he wants does not prevent him from prosecuting this lawsuit. This court has discussed at length in its screening order of March 10, 2008, the law governing his only claim (that he is being required to prepay the cost of his prescription medication in advance of receiving it). At this point, it is far more important for plaintiff to begin gathering factual evidence to prove his claim than to engage in further legal research,

Because plaintiff has made no showing that he is entitled to the order he seeks, his motion will be denied.

ORDER

IT IS ORDERED that plaintiff's motion for an order enjoining prison officials at the Marathon County jail from interfering with his right of access to the courts is DENIED.

Entered this 15th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3