IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS W. SHELLEY,

               Plaintiff,                             ORDER

     v.                                            08-cv-107-bbc

RANDY HOENISCH and
ROBERT DICKMAN,

               Defendants.

---

      This is a prisoner civil rights lawsuit in which plaintiff Thomas W. Shelley alleges that the Marathon County Jail denied him needed medication because he could not pay for it in advance. This alleged deprivation occurred between October 2006 when the jail changed its policy until plaintiff's release in 2007. Before the court is plaintiff's motion to compel discovery responses. *See* Dkt. 33. Defendants did not file a formal response; although they copied the court on a letter to plaintiff explaining why some documents had not been provided. *See* Dkt. 36.

      Addressing plaintiff's requests in order, he first seeks to compel a more responsive answer to his Request for Admission No. 1 regarding the contents of the "Medication Memo" from October 2006. Defendants responded that they do not have a copy of the memo and therefore cannot admit or deny. Plaintiff's RFA 2 asks defendant to admit that three specified drugs were named in this medication memo. Defendants repeat that they can neither admit nor deny because they cannot find a copy of the memo. In their letter response to the motion to compel,

defendants explain that they still have not found the memo but are hopeful they will obtain an electronic copy in the near future. In light of this, there is nothing for the court to order at this time. Defendants admit that this is relevant evidence and intend to provide a substantive answer to these RFAs if they can, but are unable to do so at this time. If defendants *never* recover the memo, then plaintiff may seek sanctions under Rule 37 if the loss of this memo materially affects his ability to prosecute his complaint. That, however, is an issue for another day.

In RFA 5, plaintiff states, "Nurse Tom contacted Mother for up-front payment of (amphetamine) in December 2007?" Defendants objected to this RFA claiming it was vague and confusing and requesting clarification. Plaintiff states in his motion that, "Records reveal three calls were placed." Plaintiff also states, "Did plaintiff have an emergency medical situation and was plaintiff out of medication at the exact days of verified phone calls in December 2007?" It is not clear to the court whether this last-quoted question was part of RFA 5 or part of the clarification offered to the court. It is not clear whether any of plaintiff's clarifications were provided directly to defendants prior to plaintiff filing the motion. At this time, I am declining to compel defendants to provide any additional answer to RFA 5. As currently framed, this is a vague and confusing request. If plaintiff has phone records that reveal exact dates and times of calls from "Nurse Tom" to plaintiff's mother, he should provide all of this information in RFA 5 and ask defendants to admit that this information is true. Otherwise, defendants must speculate as to what they actually are admitting, something the rule does not require them to

do. Similarly, plaintiff must clarify his question about an emergency medical situation underlying the phone calls. Requests for admissions should not be framed as questions but as statements that can be admitted or denied. If plaintiff is seeking information by way of a question, then he should re-frame this inquiry as an interrogatory. At this point, defendants need not provide any additional information in response to this question.

RFA 6 states, "Until delivery of complaint and summons 4/10-11/ was only time defendants provided (amphetamine) to plaintiff?" Defendants objected that this was vague. In his motion, plaintiff clarifies by asking whether defendants issued his amphetamine at scheduled medication times during the period October 6, 2008 and April 12, 2008 through May 11, 2008. From this it is clearer what plaintiff is angling toward, but he must put all this information into one statement that defendants either can admit or deny. Until plaintiff does so, I will not require defendants to provide a further response to RFA 6.

RFA 8 states, "Jamie Lee Clark, received narrative, wed. feb 27 07: 51:42 2008 (amphetamine run out; this is not a med that the jail pays for; is this a factual entry on corrections entry?" Defendants objected that this RFA was vague and confusing. Plaintiff explains in his motion that this is a quote from a computer system entry cited in the April 16, 2008 affidavit of Jamie Lee Clark. Plaintiff must re-write this RFA so that it is clearer. If he simply wants defendants to admit to a quote from the jail's own computer records, then he should say so, putting the quote in quotation marks and repeating it verbatim so that there can

3

be no quibbling over what the computer records actually say.  For now, defendants need not provide an additional answer to RFA 8.

RFA 9 states, "Plaintiff did not receive medication during the months of, October through December 2007, and January through April 9, 2008 by defendants."  Defendants objected because the phrase "received medication" is vague.  Plaintiff states in his motion to compel that an affidavit states that Nurse Tom was claiming that plaintiff's girlfriend was purchasing amphetamine for him and dropping it off at the jail during these time periods.  Again, it is plaintiff's obligation to write RFAs that are more specific and not subject to speculation.

Plaintiff then moves the court to compel answers to four listed interrogatories, none of which is written in an understandable format.  If plaintiff wants information from defendants, he must ask simple questions that are clear to the reader and can be answered with simple responses.  For now, I will not require defendants to provide any additional responses to these interrogatories.

In short, plaintiff's motion to compel discovery is DENIED without prejudice.

Entered this 18th day of June, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

4