IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS W. SHELLEY,

                Plaintiff,                ORDER

    v.

                                   08-cv-107-bbc

RANDY HOENISCH and ROBERT DICKMAN,

                Defendants.

---

In a June 18 order addressing plaintiff's motion to compel discovery, I noted that defendants were diligently searching for a relevant "Medication Memo" from October 2006 but had not yet found it and stated that "If defendants *never* recover the memo, then plaintiff may seek sanctions under Rule 37 if the loss of this memo materially affects his ability to prosecute his complaint." *See* dkt. 39 at 2. On August 18, 2008, plaintiff filed the instant motion for sanctions, claiming that defendants never had produced the memo. *See* dkt.53. Defendants responded that on August 23, 2008, they found and mailed to plaintiff a CD-Rom containing the Marathon County Jail's 2006 medication policy with a "save date of 11/6/2006." *See* dkt. 55 at 1. Plaintiff replied, claiming that the document saved in early November 6, 2006 is not the October 2006 memorandum. He does not explain why he thinks this is so. *See* dkt. 58. Keep in mind that plaintiff's claim arises during periods of incarceration in 2007-08.

As best as I can tell from all the submissions from both sides on this dispute, the memo that was *saved* in early November 2006 must be the policy that was in place in October 2006 and used by the jail thereafter. Plaintiff has not attempted to demonstrate otherwise; it is not even clear if he has looked at the memo to see if it contains the information he was seeking in

discovery.  Accordingly, I will deny plaintiff's motion for sanctions.  If plaintiff can establish that this really is not the correct document, then he may seek reconsideration.

In his reply brief, Plaintiff also raises new issues, seeking to compel production of a surveillance video of the Jail's G Block from January 1 - 10, 2008. and for production of "all outstanding discovery disclosure requests."  *See* dkt. 58 at 3-4.  It is not clear how a surveillance video could be relevant to the claim on which this court has granted plaintiff leave to proceed.  Further, plaintiff cannot obtain an order compelling discovery without making a showing that he is entitled to the relief requested.  Plaintiff has not made any attempt to do so.  Finally, an unbidden reply brief on one motion is not the correct method to raise issues that ought to be raised in a new motion.  The second half of plaintiff's reply is a nullity and it will not be considered substantively by the court.  If plaintiff wants the court to order more discovery, he will have to follow the appropriate format and be much more specific.

It is ORDERED that plaintiff's motion for sanctions is DENIED.

Entered this 5th day of September, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2