IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. SHELLEY,

                                                          OPINION and ORDER

                Plaintiff,

                                                         08-cv-107-bbc

     v.

RANDY HOENISCH and
ROBERT DICKMAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Thomas Shelley is proceeding in forma pauperis on his claim that defendants Randy Hoenisch and Robert Dickman violated his Eighth Amendment rights by denying him Adderall because he did not have the money to pay for it. The case is before the court on plaintiff's motion for summary judgment. Because plaintiff has failed to provide the facts necessary to support the conclusion that defendants were deliberately indifferent to a serious medical need, the motion will be denied.

As an initial matter, plaintiff moves under Fed. R. Civ. P. 12(f) to strike the September 17, 2008 affidavit of defendant Robert Dickman, dkt. #93, and the September 17, 2008 affidavit of Thomas Ralph, dkt. #84, submitted in opposition to plaintiff's motion

1

for summary judgment. Plaintiff's reason for striking the affidavits arises out of his disagreement with Dickman's and Ralph's interpretation of the Marathon County jail policy concerning medication and his contention that there is evidence disputing their averments.

Rule 12(f) of the Federal Rules of Civil Procedure authorizes a court to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, no rule authorizes a court to strike an affidavit on the ground that a party disputes the affiant's averments. If plaintiff wished to call into question the admissibility of the allegedly deficient affidavits, his remedy was not to strike the affidavits themselves, but to dispute each of the facts proposed by defendants that relied on those affidavits, on the ground that the proposed facts were not supported by admissible evidence. Procedure to be Followed on Motions for Summary Judgment, I.C.1., dkt. #27, at 18 ("[E]ach proposed finding must be supported by admissible evidence.").

In determining which facts are disputed, I have taken into consideration the challenges plaintiff has raised to the admissibility of the affidavits of defendant Dickman and Thomas Ralph. However, plaintiff's motions to strike will be denied as unnecessary.

From the facts proposed by the parties, I find that the following facts are material and undisputed.

UNDISPUTED FACTS

2

Plaintiff Thomas W. Shelley is an inmate at the Dodge Correctional Institution, Waupun, Wisconsin. At all times material to this action, he was confined at the Marathon County jail in Wausau, Wisconsin. Defendant Randy Hoenisch is the elected sheriff of Marathon County, Wisconsin. Defendant Robert Dickman is the administrator of the Marathon County jail. Marathon County contracts with the University of Wisconsin School of Medicine and Public Health to provide medical services to jail inmates. The contracted health care professionals, including registered nurse Thomas Ralph, are affiliated with the Wausau Family Practice Center. Marathon County has a contract with Young's Pharmacy, 1702 N. 6th Street, Wausau, Wisconsin to provide pharmacy services to inmates while they are in the jail.

Before September 2006, the Marathon County jail did not have an effective method for obtaining reimbursement from inmates for expenses incurred for medical treatment or medications. In September 2006, the jail purchased new computer software that allowed it to keep track of reimbursement accounts in a more efficient manner. In October 2006, Dickman drafted a written notice that was placed in various cell block areas. It read as follows:

> NOTICE TO INMATE ENTERING THE MARATHON COUNTY JAIL
> RE: Medical Care and Medications
> Medication will be provided for diagnosed and verifiable medical conditions. Your doctor will be advised that while you

3

> are at the Marathon County Jail, your medical care is followed by our medical staff. This includes Dr. Tom Strick, Lynn Buhmann NP and Tom Ralph RN.
>
> The Marathon County Jail does not pay for the following medications:
> 1. Narcotic Analgesics
> 2. Anti-anxiety Medication
> 3. Sleep Medication
> 4. Stimulants (i.e.) Adderall, Ritalin, Concerta
> 5. Muscle Relaxants

In November 2006, defendant Dickman added two new bulleted paragraphs:

> 6. Tobacco/Nicotine Cessation Medications
> 7. Body Lotions, Shampoos, Soaps

This amended notice was not printed or placed in the cellblock areas. On January 8, 2007, defendant Robert Dickman amended and signed the Notice to Inmates that was posted in the jail and provided in pertinent part as follows:

> The Marathon County Jail <u>does not</u> pay for the following medications:
> 1. Narcotic Analgesics
> 2. Anti-anxiety Medication
> 3. Sleep Medication
> 4. Stimulants (i.e.) Adderall, Ritalin, Concerta
> 5. Muscle Relaxants
> 6. Tobacco/Nicotine Cessation Medications
> 7. Body Lotions, Shampoos, Soaps
> 8. Methodone via Methodone Clinic Only

When the jail obtained medication for an inmate through the contract pharmacy, Young's Pharmacy, the cost was higher than for medication obtained from other outside

4

providers. For instance, Young's pharmacy charged $502 to fill plaintiff's Adderall prescription; other outside pharmacies charged between $31 and $38 to fill the same prescription. Nurse Ralph informed inmates that if they did not want to be responsible for the higher medication cost, they had the option of having a family member obtain the prescription at a lower cost from an outside pharmacy and bring it to the jail. Sometimes, an inmate chose to wait until he or she could have the prescription purchased through an outside pharmacy.

Plaintiff was incarcerated at the Marathon County jail several times during 2007 and 2008. On some occasions when he was incarcerated he did have his Adderall medication. For example, he was booked into the Marathon County jail on December 11, 2007 and did not receive any Adderall until December 17, 2007 although he had a prescription for it. Plaintiff was without Adderall from December 29, 2007 through January 4, 2008. At times, plaintiff's girlfriend purchased Adderall for plaintiff at an outside pharmacy and brought it to the jail.

OPINION

Under Fed. R. Civ. P. 56, summary judgment is appropriate "when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Goldstein v. Fidelity & Guaranty Ins. Underwriters, Inc., 86 F.3d 749, 750 (7th Cir.

1996) (citing Fed. R. Civ. P. 56); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  The district judge's function in a summary judgment motion "is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.  Additionally, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Id. at 248.  Furthermore, all reasonable inferences from undisputed facts should be drawn in favor of the nonmoving party.  Baron v. City of Highland Park, 195 F.3d 333, 338 (7th Cir. 1999).

The Eighth Amendment prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs or suffering.  Estelle v. Gamble, 429 U.S. 97, 103 (1976).   Addressing the proof required to satisfy both prongs of this requirement: serious medical need and deliberate indifference, the Court of Appeals for the Seventh Circuit has explained that

> Medical "need" runs the gamut from a need for an immediate intervention to save the patient's life to the desire for medical treatment of trivial discomforts and cosmetic imperfections that most people ignore.  At the top of the range a deliberate refusal to treat is an obvious violation of the Eighth Amendment, . . . and at the bottom of the range a deliberate refusal to treat is obviously not a violation.  Where to draw the line between the end points is a question of judgment that does not lend itself to mechanical resolution. . . . The lower the cost, the less need has to be shown, but the need must still be shown to be substantial.

Ralston v. McGovern, 167 F.3d 1160, 1161-62 (7th Cir. 1999) (internal citations omitted).

6

Deliberate indifference requires that a prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually "draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference may be evidenced by a defendant's actual intent or reckless disregard for a prisoner's health or safety, as shown by highly unreasonable conduct or a gross departure from ordinary care in a situation in which a high degree of danger is readily apparent. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985).

At least one district court in this circuit has held that "a prison official violates the Eighth Amendment by refusing to provide prescribed [ ] medicine for a serious medical need [ ] if the inmate lacks sufficient resources to pay for the medicine." Martin v. Debruyn, 880 F. Supp. 610, 615 (N.D. Ind. 1995). It may be that at some stage in these proceedings, plaintiff could show that (1) he suffers from a serious medical need; (2) Adderall is necessary to relieve or treat his serious medical need; (3) he could not obtain Adderall except through the jail; (4) he lacked the financial resources to buy Adderall from the jail's contract pharmacy; and (5) the jail would not provide him the medication without prepayment. At this stage, however, plaintiff has failed to prove any of these propositions.  Although in the initial screening of plaintiff's complaint the court provided him with the benefit of the doubt regarding his contention that he had a serious medical need for which Adderall was necessary, at summary judgment he must provide the facts necessary for the court to grant

7

judgment in his favor. Procedure to be Followed on Motions for Summary Judgment, I.B.3., dkt. #27, at 17 ("The statement of proposed findings of fact shall include ALL factual propositions the moving party considers necessary for judgment in the party's favor."); Fed. R. Civ. P. 56 (summary judgment should be granted if "the movant is entitled to judgment as a matter of law").

Plaintiff has failed to provide facts to support the conclusion that not receiving Adderall will result in any further injury or unnecessary pain, e.g., Gutierrez v. Peters, 111 F.3d 1364, 1371-73 (7th Cir. 1997) (serious medical condition where failure to treat could result in further "significant injury or the unnecessary and wanton infliction of pain"), or even to identify the condition for which he has been prescribed Adderall. By itself, a prescription for Adderall is not enough to prove that plaintiff required the medication to treat a serious medical need.

Even assuming that plaintiff provided facts establishing a serious medical need, he has failed to prove that defendants were deliberately indifferent. In Martin, 880 F. Supp. at 615, the court found that prison officials' failure to provide an inmate with prescribed ulcer medication established deliberate indifference because the inmate lacked sufficient resources to pay for the medicine. Plaintiff has failed to prove that he lacked sufficient resources to pay for his Adderall. Although he says he could not afford Adderall at the contract pharmacy price, it appears he could afford to purchase the Adderall outside the jail and have

8

his girlfriend deliver it to him. Plaintiff has not shown that any policy prevented him from obtaining the medication he wanted. Therefore, his motion for summary judgment will be denied.

## ORDER

IT IS ORDERED that

1. Plaintiff's motion to strike the September 17, 2008 affidavit of defendant Dickman, dkt. #93, and his motion to strike the September 17, 2008 affidavit of Thomas Ralph, dkt. #84, are DENIED.

2. Plaintiff's motion for summary judgment, dkt.# 47, is DENIED.

Entered this 17th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge