IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS W. SHELLEY,

                    Plaintiff,                        ORDER

      v.                                       08-cv-107-bbc

RANDY HOENISCH and
ROBERT DICKMAN,

                    Defendants.

This is a prisoner civil rights lawsuit in which plaintiff Thomas W. Shelley, currently imprisoned at the Dodge Correctional Institution, alleges that while he was detained at the Marathon County Jail, in 2006-07, that facility denied him needed medication because he could not pay for it in advance. Since filing this case last February, plaintiff has peppered the court with motions for injunctions, emergency, relief, and discovery, so far without success. In this order I address plaintiff's eight pending discovery motions/requests:

(82) **Second Sanction Request Against Defendants**: Plaintiff asks for a sanction of $1000/day against defendants "for all days do not produce as stated in newly received responses. [*sic*]"

(83) **Motion for an Order Compelling Disclosure or Discovery**: Plaintiff appears to want more complete answers to his second and third production requests.

(85) **Motion for More Definite Statement of Thomas Ralph, 12(e):** Plaintiff appears to be posing either three requests for admission or three interrogatories.

(86) **Disclosure Demand of Remanding #12-25 in Second Production** plaintiff wants more complete responses to these discovery requests, although he doesn't explain what more he wants or why he needs it.

(90) **Plaintiff's Compel Order of Defendants'**: This is another request for more complete responses to discovery requests 12-25, again with no explanation.

**(99) Compel Order for Defendant's To Disclose Responses to Plaintiff's Second (in Actuality Third) Request for Production**: Here, plaintiff provides more explanation as to what he wants and why he thinks he should get it.

**(100) Motion To Take Depositions upon Written Questions [for six named Marathon County prisoners**]

**(101) "Written Questions W.S.A. 804.06:** Plaintiff has filed with the court a set of questions he wishes to be propounded at the depositions of named third party witnesses pursuant to Wisconsin state statutory provisions.

Defendants have done their best to respond to plaintiff's motions, *see* dkts. 87, 96, 103 and 105. They report that they've given plaintiff whatever they've got, and the other things that plaintiff seems to want either do not exist or are covered by a third-party inmate's medical privilege. Defendants oppose plaintiff's attempts to take depositions because plaintiff has not met any of the requirements imposed by the applicable federal rule, *See* F.R. Civ. Pro. 31.

I have carefully read all of plaintiff's submissions, mainly to ensure that I have not missed any gold beneath the dross. There is none. As this court has noted in previous orders addressing plaintiff's discovery motions, plaintiff presents discovery requests that are vague to the point of incomprehensibility, repetitive, and often irrelevant to the issues in this lawsuit. Defendants have done their best to respond to plaintiff's requests. At this point, defendants have no additional discoverable information left to provide. For instance, plaintiff has demanded that defendants disclose portions of other inmates' medical records; however helpful plaintiff might deem this information, federal law prohibits such disclosures without the other inmates' written permission, which plaintiff has not provided. To the same effect, plaintiff would be entitled to take his requested depositions if he could meet the requirements imposed upon him by the rules,

2

but he has not done so. Frankly, there is little chance that he will be able to do so, in no small part because he cannot afford to pay the cost of any depositions.

In short, with the exception of possible follow-up disclosures from defendants on discovery requests that are not disputed, plaintiff has received all of the information he is going to get on the discovery requests that he has brought before the court in his motions. It follows from this conclusion that plaintiff is not entitled to sanctions against the defendants.

ORDER

It is ORDERED that plaintiff's motions for discovery and sanctions docketed as 82, 83, 85, 86, 90, 99, 100 and 101 are DENIED.

Entered this 24th day of November, 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge

3