IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. SHELLEY,

                                                 ORDER

               Plaintiff,

                                         08-cv-107-bbc

     v.

RANDY HOENISCH and
ROBERT DICKMAN,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Thomas Shelley has submitted a document titled "Proposed Order" (Dkt. #115), in which he complains that Dodge Correctional Institution officials will not allow him to use his legal loan funds to send mail to persons he states are "witnesses": attorney Gene Linhand, Christie M. Pergolski, Dr. Brian Eggener and Dr. Penniman. He asks for an order enjoining prison officials from denying his legal loan disbursement requests. He attaches a copy of Wisconsin Department of Corrections rules pertaining to legal loans and argues that prison officials should be enjoined from denying his disbursement requests because the policy provides for the payment of the cost of postage for mail to witnesses by legal loan funds. I construe plaintiff's submission as a motion for an order enjoining prison

1

staff from interfering with his right of access to the courts.

This is not the first time plaintiff has requested such an order. On May 12, 2008, plaintiff filed a motion for an order requiring Marathon County jail officials to maintain the jail's legal research computer. I denied that motion and will reiterate some of that reasoning in denying plaintiff's current motion. As with plaintiff's previous motion regarding the upkeep of a jail computer, plaintiff did not raise a right of access claim in his complaint. Plaintiff's current claim that his right of access to the courts is being infringed by prison officials' lack of compliance with the legal loan policy is a new claim of constitutional wrongdoing that plaintiff is asserting against persons who may or may not be parties to this lawsuit. It is not a claim properly raised in the context of this lawsuit.

There is only one situation in which I may take up the matter of court access in the context of a pending lawsuit that does not include the claim in the underlying complaint. If plaintiff could show that prison officials were actively and physically blocking his ability to come to trial or defend against a motion filed by the defendants, I may ask defendants' counsel to look into the matter and report the circumstances to the court. This authority to entertain an issue that was not formally raised in the complaint stems from the court's inherent powers to exercise administrative control over the progress of the suits submitted to it for adjudication.

Although failure to allow plaintiff to litigate his case might be one instance in which

2

I would ask defendants' counsel to look into the matter, in the present case plaintiff has not made a showing that this is occurring.  For this court to consider this type of motion, plaintiff would have to provide far more information than he has regarding his attempts to have legal loan funds applied toward postage for mail to witnesses in his case.

In support of his argument that prison officials are denying him use of legal loan funds, plaintiff has submitted only his legal loan disbursement requests that were denied, along with memoranda from prison officials stating that plaintiff's intended recipients are not "listed as a party" or indicated in court records as "associated with the case."  Nowhere does plaintiff show that he communicated again with prison officials to explain that the persons to whom his letters are addressed are potential witnesses in his case.  Moreover, it is understandable that prison officials are skeptical about plaintiff's representations that each of the persons for whom he has requested legal loan postage is a potential witness in his case.

Plaintiff is proceeding to trial on March 30, 2009, on a claim that defendants Randy Hoenisch and Robert Dickman were deliberately indifferent to his serious medical needs when, between October 2006 and early February 2007, they enforced a policy at the Marathon County jail requiring him to pay for his medication before he could receive it.  The time has passed for disclosing expert witnesses and no party filed a motion for summary judgment by the dispositive motions deadline.  Nevertheless, plaintiff has asked for legal loan postage for a letter he is attempting to write to Gene Linhand, a lawyer in Wausau,

3

Wisconsin, whose first-hand knowledge of the subject matter of plaintiff's lawsuit is questionable at best. In addition, plaintiff is asking for postage to write to Christie M. Pergolski, who he says bought his medication for him and had a number of conversations with a nurse at the jail; Dr. Brian Eggener, who plaintiff says has his medical records and "first-hand knowledge of mental illness"; and Dr. Penniman, whose relationship to the case plaintiff does not explain at all. However, plaintiff's communication to Pergolski is nothing more than a blank form for an affidavit. Affidavits are not acceptable as evidence at trial.

If plaintiff wants Ms. Pergolski to appear as a voluntary witness at trial, his communication to her ought to make it plain that that is what he wants. Also, because the time has passed for plaintiff to name expert witnesses, the doctors he wants to call as witnesses may not testify about anything other than their treatment of plaintiff. Depending on when that treatment occurred, their testimony may be relevant or irrelevant. Either way, plaintiff's communications to them should show that he is attempting to secure their agreement to testify on his behalf at trial.

Although plaintiff has not provided the court with copies of his communications to Drs. Penniman and Eggener, he does say that he wants to write Dr. Eggener to get medical records from the North Central Health Care Center and that Eggener has "first hand knowledge of mental illness." This is not enough to suggest to prison officials that plaintiff is attempting to ask the doctors to be voluntary witnesses at his trial.

4

Therefore, even if this court believed it appropriate to question prison officials' decisions regarding the use of legal loan funds for a particular inmate (which it is not doing here), at the very least plaintiff would have to show that either his letters to intended recipients or his communications with prison officials in charge of legal loan funds made it clear that he had properly informed those officials that the purpose of the communications was related to their potential status as witnesses in his case. Therefore, at this time, I will deny plaintiff's motion for an order enjoining Dodge Correctional Institution officials from interfering with his right of access to the courts.

ORDER

IT IS ORDERED that plaintiff's motion for an order enjoining Dodge Correctional Institution officials from interfering with his right of access to the courts (Dkt. #115) is DENIED.

Entered this 16th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5