IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. SHELLEY,

                                                                ORDER

                Plaintiff,

                                                            08-cv-107-bbc

     v.

RANDY HOENISCH and
ROBERT DICKMAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Thomas Shelley is proceeding in this case on his claim that the defendants Randy Hoenisch and Robert Dickman violated his EightH Amendment rights by denying him Adderall because he did not have the money to pay for it.  On November 17, 2008, I denied plaintiff's motion for summary judgment.  Presently pending before the court is defendant Randy Hoenisch's motion for summary judgment, which is based on his contention that he had no personal involvement in the denial of plaintiff's Adderall.

On December 16, 2008, plaintiff filed his brief in opposition to defendant's motion, his response to defendant's proposed findings of facts, his proposed findings of fact and twelve affidavits.  He also filed a motion for a continuance of the decision on the summary

1

judgment motion until the delivery of his medical records.  Plaintiff's motions to compel discovery and for issuance of subpoenas concerning medical records are pending before Magistrate Judge Crocker.  A review of these discovery motions indicates that none of the requested information pertains to whether defendant Hoenisch was personally involved in the alleged deprivation of plaintiff's Adderall.  Therefore, plaintiff's motion for a continuance of the decision on summary judgment will be denied.

In addition, plaintiff has filed a motion for certification for class action.  Pursuant to Fed. R. Civ. P. 23(1)(a)(A), a decision whether to certify a class must be made as soon as practicable after a complaint is filed.  Plaintiff has waited almost ten months after filing his complaint to file his request to certify the class.  He has waited too long.  Dispositive motions have already been filed in this case and trial is scheduled for March 30, 2009.

Even if plaintiff's motion for class certification had been timely filed it would have to be denied.  Fed. R. Civ. P. Rule 23(a) provides the requirements for a class action as follows:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defense of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the

2

class.

Although plaintiff's request for class certification is difficult to understand, I understand him to contend that a number of persons housed in the Marathon County Jail since September 2006 who took medications form a class whose members are so numerous that joinder would be impracticable. However, plaintiff does not allege what claims these inmates would have in common. I presume that he is suggesting that these class members were denied medications without prepayment. Even if the claims were the same, the questions of law or fact common to these inmates would not be the same. In order to prevail on an Eighth Amendment deliberate indifference claim, each inmate would have to prove that he had a serious medical need and that not receiving medication for that need caused him further injury or unnecessary pain. These facts would be different for each inmate,

Moreover, plaintiff is not represented by a lawyer. Since absent class members are bound by a judgment whether for or against the class, they are entitled at least to the assurance of competent representation afforded by licensed counsel. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also King v. Frank, 328 F. Supp. 2d 940, 950 (W.D. Wis. 2004); Huddleston v. Duckworth, 97 F.R.D. 512, 514-15 (N.D. Ind. 1983) (prisoner proceeding pro se not allowed to act as class representative).

As a final matter plaintiff requests appointment of a representative for the class. This motion will be denied because I am not granting plaintiff's motion to certify the class.

3

Plaintiff has failed to show that his suggested class has met the requirements of Fed. R. Civ. P. 23(a).

ORDER

IT IS ORDERED that

1. Plaintiff's motion for a continuance of the decision on the motion for summary judgment filed by defendant Randy Hoenisch, dkt. #136, is DENIED.

2. Plaintiff's motion to certify class and for appointment of class representative, dkt. # 135, is DENIED.

Entered this 18th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4