IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. SHELLEY,

Plaintiff,

OPINION and ORDER

08-cv-107-bbc

v.

RANDY HOENISCH and
ROBERT DICKMAN,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Thomas Shelley is proceeding in forma pauperis on his claim that defendants Randy Hoenisch and Robert Dickman violated his Eighth Amendment rights by denying him Adderall because he did not have the money to pay for it. The case is before the court on defendant Randy Hoenisch's motion for summary judgment on the ground that he was not personally involved in the alleged violation of plaintiff's Eighth Amendment rights. Because I find that there are no facts from which a reasonable jury could find that defendant Hoenisch was personally involved in the alleged denial of plaintiff's Adderall, I will grant defendant's motion for summary judgment.

From the parties' proposed facts, I find the following facts material and undisputed.

UNDISPUTED FACTS

Plaintiff Thomas W. Shelley is an inmate at the Dodge Correctional Institution, Waupun, Wisconsin. At all times material to this action, he was confined at the Marathon County jail in Wausau, Wisconsin. Defendant Randy Hoenisch is the elected sheriff of Marathon County, Wisconsin. Defendant Robert Dickman is the administrator of the Marathon County jail. Marathon County contracts with the University of Wisconsin School of Medicine and Public Health to provide medical services to jail inmates. The contracted health care professionals, including registered nurse Thomas Ralph, are affiliated with the Wausau Family Practice Center. Marathon County has a contract with Young's Pharmacy, which is located in Wausau, Wisconsin, to provide pharmacy services to jail inmates during incarceration.

In October 2006, Dickman drafted a written notice that was placed in various cell block areas. It read as follows:

> NOTICE TO INMATE ENTERING THE MARATHON COUNTY JAIL
> RE: Medical Care and Medications
> Medication will be provided for diagnosed and verifiable medical conditions. Your doctor will be advised that while you are at the Marathon County Jail, your medical care is followed by our medical staff. This includes Dr. Tom Strick, Lynn Buhmann NP and Tom Ralph RN.
>
> The Marathon County Jail does not pay for the following medications:

1. Narcotic Analgesics
2. Anti-anxiety Medication
3. Sleep Medication
4. Stimulants (i.e.) Adderall, Ritalin, Concerta
5. Muscle Relaxants

In November 2006, defendant Dickman added two new bulleted paragraphs:

6. Tobacco/Nicotine Cessation Medications
7. Body Lotions, Shampoos, Soaps

This amended notice was not printed or placed in the cellblock areas. On January 8, 2007, defendant Robert Dickman amended and signed the Notice to Inmates that was posted in the jail and provided in pertinent part as follows:

> The Marathon County Jail does not pay for the following medications:
> 1. Narcotic Analgesics
> 2. Anti-anxiety Medication
> 3. Sleep Medication
> 4. Stimulants (i.e.) Adderall, Ritalin, Concerta
> 5. Muscle Relaxants
> 6. Tobacco/Nicotine Cessation Medications
> 7. Body Lotions, Shampoos, Soaps
> 8. Methodone via Methodone Clinic Only

Defendant Sheriff Hoenisch had no involvement in making or rviewing this policy.

Plaintiff was incarcerated at the Marathon County jail several times during 2007 and 2008. On some occasions when he was incarcerated he did not have his Adderall medication. For example, he was booked into the Marathon County jail on December 11, 2007, and did not receive any Adderall until December 17, 2007, although he had a

prescription for it. Plaintiff was again without Adderall from December 29, 2007 through January 4, 2008. At other times, plaintiff's girlfriend purchased Adderall for plaintiff at an outside pharmacy and brought it to the jail.

Although plaintiff states that he submitted two complaints to Sheriff Hoenisch on December 28, 2007 and January 14, 2008, defendant Dickman rather than defendant Hoenisch saw these complaints and addressed them. Defendant Hoenisch had no involvement with plaintiff's complaints concerning his medications.

## OPINION

Under Fed. R. Civ. P. 56, summary judgment is appropriate "when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Goldstein v. Fidelity & Guaranty Ins. Underwriters, Inc., 86 F.3d 749, 750 (7th Cir. 1996) (citing Fed. R. Civ. P. 56); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The district judge's function in a summary judgment motion "is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. Additionally, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Id. at 248. Furthermore, all reasonable inferences from undisputed facts should be drawn in favor of the nonmoving party. Baron v. City of Highland Park, 195 F.3d 333, 338 (7th

Cir. 1999).

The Eighth Amendment prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Deliberate indifference requires that a prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually "draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference may be evidenced by a defendant's actual intent or reckless disregard for a prisoner's health or safety, as shown by highly unreasonable conduct or a gross departure from ordinary care in a situation in which a high degree of danger is readily apparent. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985).

To prevail on his Eighth Amendment claim against defendant Hoenisch, plaintiff would have to show Hoenisch's direct personal involvement or participation or direct responsibility for the conditions that caused plaintiff a substantial risk of serious harm. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986). Plaintiff has not submitted any evidence from which a jury could reasonably infer that defendant Hoenisch was aware of any facts from which an inference could be drawn that plaintiff was exposed to a substantial risk of serious harm. It is undisputed that defendant Hoenisch delegated the resolution of inmate complaints to defendant Dickman. He did not have any personal involvement in the resolution of plaintiff's complaints. Neither did he have any personal involvement in

drafting or implementing the policy of which plaintiff complains. Defendant cannot be held liable for decisions in which he was not personally involved. Therefore, I will grant defendant Hoenisch's motion for summary judgment.

Moreover, the evidence submitted by defendant Dickman in opposition to plaintiff's motion for summary judgment and in support of defendant Hoenisch's motion for summary judgment suggest that plaintiff's having been denied Adderall does not rise to the level of being a serious medical need. As I previously stated in my November 18, 2008 order, by itself, a prescription for Adderall is not enough to prove that plaintiff had a serious medical need. Further, there is evidence in the record that plaintiff was able to obtain the medication regardless of defendant Dickman's policy. Because such evidence suggest the possibility that this matter may be resolved without a trial, I find it proper to permit additional time for dispositive motions. Such motions may be filed no later than January 26, 2009.

ORDER

IT IS ORDERED that

1). The motion for summary judgment, dkt. #108, filed by defendant Randy Hoenisch is GRANTED.

2). Dispositive motions may be filed not later than January 26, 2009.

Entered this 8th day of January, 2009.

BY THE COURT:

/s/

________________________________

BARBARA B. CRABB
District Judge