IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS W. SHELLEY,

                  Plaintiff,                  ORDER

    v.

                                                     08-cv-107-bbc

RANDY HOENISCH and
ROBERT DICKMAN,

                  Defendants.

---

       This is a prisoner civil rights lawsuit in which plaintiff Thomas W. Shelley, currently imprisoned at the Jackson Correctional Institution, alleges that while he was detained at the Marathon County Jail, in 2006-07, that facility denied him needed medication because he could not pay for it in advance. In my November 24, 2008 order, I denied plaintiff's motions for discovery and sanctions, dkt. ## 82, 83, 85, 86, 90, 99, 100 and 101. In that order I stated as follows, "At this point, defendants have no additional discoverable information left to provide." However, plaintiff has continued to file motions to compel discovery.

       Now before the court are plaintiff's December 8, 2008 motion to compel discovery and for sanctions, dkt. #116, defendant's motion for issuance of subpoenas and supplement to that motion, dkt. ## 117 and 118, plaintiff's December 29, 2008 motion to compel discovery and for sanctions, dkt. #144, plaintiff's January 13, 2009 motion to compel discovery and for sanctions, dkt. # 153, and plaintiff's January 23, 2009 motion to compel discovery and for sanctions, dkt. #160. I will deny these motions as explained below.

I. Plaintiff's Motions to Compel Discovery

I have carefully reviewed plaintiff's motions to compel discovery. Although they are not easy to understand, plaintiff appears to be seeking the same discovery that I have already found that he cannot obtain or that he has already obtained. As I previously found, defendants have no additional discoverable information to provide. Because I am denying plaintiff's motions to compel discovery, his motions for sanctions will also be denied.

II. Plaintiff's Motion To Issue Subpoenas

Plaintiff has filed a request to have the court issue subpoenas for documents to Dr. Tom Strict, Michael Roman, the Custodian of Records at the City/County Data Center, Dr. Brian Eggener, the Custodian of Records at the Health Care Center in Wausau, Wisconsin, defendant Robert Dickman and the Custodian of Records at Young's Drug Store. As defendant points out, plaintiff's pleading in support of his request for the issuance of subpoenas is nothing more than a random list of unconnected assertions and statements. Moreover, the proposed subpoenas do not comply with the minimum requirements of Fed. R. Civ. P. 45. I will, however, address the information that plaintiff requests in each subpoena.

In the subpoenas directed to Dr. Strict, Dr. Eggener and the Health Care Center, plaintiff requests his medical records together with any communications with the Marathon County jail. To obtain his own medical records from the doctors and health care center, he can write a letter requesting that his medical records be provided to him. Because he has not shown that he is entitled to the additional information requested in these subpoenas, I will not issue them.

Also, plaintiff requests the issuance of a subpoena directed to Michael Roman, defendant's lawyer.  The information plaintiff seeks is attorney-client work product.  An attorney's documents that are prepared in anticipation of litigation are ordinarily may not be obtained by the other party.  Fed. R. Civ. P. 26(b)(3).  The only exceptions are where the information is discoverable by other means or the party shows that it has substantial need for the materials and cannot obtain the information by any other means.  Plaintiff has not shown that he has a substantial need for the materials.  Therefore, his request to issue this subpoena will be denied.

Plaintiff also seeks electronically stored information from the City County Data Center concerning a conversation plaintiff had with Christy Zander.  This subpoena will not be issued because plaintiff has not shown why he needs this information or how it is relevant to his case.

Finally, plaintiff requests a subpoena be issued to defendant Dickman.  I will not issue this subpoena.  Defendant has received all the information from defendant Dickman to which he is entitled.

Several days after plaintiff filed his motion to issue subpoenas, he filed a supplement to the motion.  He requests that subpoenas be issued to Young's Drug Store and to Cyndi Moeser. Plaintiff has not shown why he needs this information or how it is relevant to the issues remaining in his case.   Therefore, I will not issue these subpoenas.

ORDER

It is ORDERED that:

1. Plaintiff's motions for discovery and sanctions, docket ## 116, 144, 153 and 160 are DENIED.

2. Plaintiff's motion to issue subpoenas, dkt. # 117 and supplemental motion to issue subpoenas, dkt. #118, are DENIED.

Entered this 27th day of January, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge