IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. SHELLEY,

                     Plaintiff,

        v.

ROBERT DICKMAN,

                    Defendant.

OPINION AND ORDER

08-cv-107-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Thomas Shelley is proceeding in forma pauperis on his claim that defendant Robert Dickman violated his Eighth Amendment rights by denying him Adderall because he did not have the money to pay for it. In a January 8, 2009 opinion and order, I offered the parties an opportunity to file an additional motion for summary judgment if either so desired because the evidence presented in two previous motions for summary judgment suggested the possibility that this case could be resolved without a trial. Dkt. #150 at 6. Defendant took advantage of that opportunity. His motion for summary judgment, dkt. #164, is before the court, as is plaintiff's motion to compel, dkt. #193.

I conclude that defendant is entitled to summary judgment. Plaintiff has failed to present evidence from which a jury acting reasonably could find that defendant violated

1

plaintiff's Eighth Amendment rights.  Turning to plaintiff's motion to compel, I read this as a motion to require defendant's compliance with the court's April 15, 2008 order, in which I denied plaintiff's request for a preliminary injunction, dkt. #19.  Plaintiff's motion will be denied because he has failed to show that defendant has not complied with the April 15 order.

Before discussing the undisputed facts in this case, I must discuss plaintiff's failure to file a timely response to defendant's summary judgment motion.  Defendant filed his motion on January 26, 2009.  Dkt. #164.  The original deadline for plaintiff to file his response to the motion was February 25, 2009.  Plaintiff requested an extension of the deadline, which was granted in part, dkt. #183, giving plaintiff until March 4, 2009 to file his response.  In the order granting the extension, I told plaintiff that he should focus on responding to defendant's motion rather than on filing other discovery motions.  Plaintiff ignored this advice and filed more non-dispositive motions.  Dkt. ##186 & 193.  Moreover, although an affidavit was filed on plaintiff's behalf on March 5, the March 4 deadline came and went without a response to defendant's motion.

This case is set for trial on March 30, 2009.  Although the purpose behind the opportunity to file an additional summary judgment motion was to relieve the parties and the court of preparation for an unnecessary trial, plaintiff's failure to adhere to his deadline subverts that purpose.  Allowing plaintiff extra time now to file his response without

2

providing defendant additional time to file a reply would be unfair to defendant, yet giving defendant the time he needs would not leave enough time for the court to decide the motion and allow the parties to prepare for trial. Furthermore, it would undermine the court's deadlines. Plaintiff continued to file motions to compel, despite being told twice, once in November and again in January, that "defendants have no additional discoverable information left to provide." Dkt. ##113 & 170. Instead of filing those motions, he should have been working on his response to defendant's motion for summary judgment to insure that his response was timely.

It should come as no surprise to plaintiff that "[c]ourts cannot operate without setting and *enforcing* deadlines." Gross v. Town of Cicero, 528 F.3d 498, 499 (7th Cir. 2008) (emphasis added). Nor should plaintiff be surprised that the consequence for failing to respond to defendant's motion by the deadline will be the acceptance of defendant's findings of fact as undisputed. The penalty for a violation of judicially-set deadlines should match the offense. Id. at 500. Accepting defendant's facts as undisputed is an appropriate penalty for plaintiff's offense. See, e.g., Smith v. Lamz, 321 F.3d 680, 682-83 (7th Cir. 2003) (failure to comply with district court's local summary judgment procedure resulted in court's accepting moving party's facts as undisputed). (I waited to issue this opinion and order until after the mail arrived on March 9 in case plaintiff's submissions were forthcoming even though they would have been 5 days late. They had not arrived by March 9.)

3

In treating defendant's proposed findings of fact as undisputed, I am merely enforcing this court's summary judgment procedures.  Plaintiff was provided with the document entitled, "Memorandum to Pro Se Litigants Regarding Summary Judgment Motions in Cases Assigned to Judge Crabb," which states:

> NOTE WELL: If a party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed.

Dkt. #27 at 16.

With trial fast approaching and plaintiff's having already received a one-week extension, the failure to respond on time is not a mere technical violation that should be overlooked.  Because plaintiff failed to file a timely response to defendant's motion for summary judgment, defendant's proposed findings of fact will be accepted as undisputed.

Accordingly, I find that the following facts are undisputed and material to deciding defendant's motion.

## UNDISPUTED FACTS

### A.  Parties

At all times material to this action, plaintiff Thomas W. Shelley was confined at the Marathon County jail in Wausau, Wisconsin.  Defendant Robert Dickman is the administrator of the Marathon County jail.

4

B.   <u>Marathon County's Health Care Services</u>

Marathon County contracts with the University of Wisconsin School of Medicine and Public Health to provide medical services to jail inmates.  The contracted health care professionals are affiliated with the Wausau Family Practice Center.  All health care professionals providing medical services to jail inmates through Wausau Family are employees of UW-Madison, not Marathon County.  Registered nurse Thomas Ralph is a contracted health care professional who works at the Marathon County jail as the principal day-to-day care contact with jail inmates.  Ralph's contact with the inmates gives him familiarity about the inmates' particular health care concerns.

Marathon County has a contract with Young's Pharmacy in Wausau to provide pharmacy services to jail inmates during incarceration.  The jail is required to order from Young's Pharmacy "all drugs, intravenous solutions, biologicals and supplies for individual residents which are not commonly stocked" in the jail.

C.   <u>Plaintiff's Receipt of Adderall in the Marathon County Jail</u>

On December 11, 2007, plaintiff was booked at the Marathon County jail.  When he entered the jail he had in his possession a prescription for Adderall and an unlabeled bottle of pills.  On December 15, 2007, plaintiff submitted a written complaint to a jail supervisor about not having received any Adderall since his incarceration.  Plaintiff's

5

complaint was forwarded to nurse Ralph on December 17, 2007.  Defendant was not informed of plaintiff's complaint.  That same afternoon, plaintiff was provided Adderall. Plaintiff received Adderall from December 17, 2007 through the morning of December 29, 2007, when his initial supply ran out.

On January 2, 2008, nurse Ralph approved a pass for plaintiff's use on January 3, 2008 so that plaintiff could have his Adderall prescription filled at an outside pharmacy. Plaintiff had his prescription filled on January 3 and began receiving his Adderall again in the jail on January 4.  Plaintiff had been without Adderall from the afternoon of December 29, 2007 until the morning of January 4, 2008.  Once plaintiff received his Adderall on January 4, 2008, he continued to receive Adderall for the remainder of January 2008.

From December 22, 2007 until January 2, 2008, defendant was on vacation.  He became aware of plaintiff's complaints about not receiving Adderall upon his return from vacation.  Defendant reviewed the jail's medication log and found that except for the two short gaps, plaintiff was receiving Adderall.  Nonetheless, defendant met with nurse Ralph to discuss plaintiff's complaints.  Nurse Ralph explained that the gap in plaintiff's receipt of Adderall was the result of plaintiff's refusal to have the jail purchase the Adderall through Young's Pharamacy because of the price Young's was charging.  Nurse Ralph explained further that plaintiff had said that he would go without his Adderall until his girlfriend purchased it at an outside pharmacy.  Defendant questioned nurse Ralph about plaintiff's

6

decision because defendant wanted to be certain that the jail was not denying Adderall to plaintiff.  Nurse Ralph explained that plaintiff had made his own decision not to receive the Adderall through Young's Pharmacy.  Nurse Ralph never stated that plaintiff's health would be endangered or injured because of his decision to go without Adderall for several days until he could fill his prescription at an outside pharmacy.  From defendant's conversation with nurse Ralph and the fact that plaintiff was receiving his Adderall in January 2008, defendant believed there was no reason to further investigate plaintiff's complaints.

## OPINION

Under Fed. R. Civ. P. 56, summary judgment is appropriate "when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Goldstein v. Fidelity & Guaranty Ins. Underwriters, Inc., 86 F.3d 749, 750 (7th Cir. 1996) (citing Fed. R. Civ. P. 56); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  In deciding a motion for summary judgment, the district judge's function "is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.  Additionally, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Id. at 248.  Furthermore, all reasonable inferences from undisputed facts should be drawn in favor of the nonmoving party. Baron v. City of Highland Park, 195 F.3d

7

333, 338 (7th Cir. 1999).

The Eighth Amendment prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs or suffering. <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976). Addressing the proof required to make a showing of both serious medical need and deliberate indifference, the Court of Appeals for the Seventh Circuit has explained that

> Medical "need" runs the gamut from a need for an immediate intervention to save the patient's life to the desire for medical treatment of trivial discomforts and cosmetic imperfections that most people ignore. At the top of the range a deliberate refusal to treat is an obvious violation of the Eighth Amendment, . . . and at the bottom of the range a deliberate refusal to treat is obviously not a violation. Where to draw the line between the end points is a question of judgment that does not lend itself to mechanical resolution. . . . The lower the cost, the less need has to be shown, but the need must still be shown to be substantial.

<u>Ralston v. McGovern</u>, 167 F.3d 1160, 1161-62 (7th Cir. 1999) (internal citations omitted).

A medical need is sufficiently serious where a failure to treat the need could result in further "significant injury or the unnecessary and wanton infliction of pain." <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1371-73 (7th Cir. 1997). Plaintiff has failed to adduce any evidence that he suffered a "serious" medical need. First, he has never even identified the condition for which he has been prescribed Adderall. No jury could find that his medical need is serious unless it knew why plaintiff needed Adderall. Second, plaintiff fails to adduce evidence to support even a reasonable inference that not receiving any Adderall for a six or seven-day period resulted in unnecessary pain or the exacerbation of some underlying

8

medical condition.  By itself, possessing a prescription for Adderall is not enough to prove that plaintiff required the medication to treat a serious medical need.  Plaintiff has failed to establish a genuine issue of material fact regarding whether he suffered from a serious medical need.

Even if I were to assume that a jury acting reasonably could determine that plaintiff suffered a serious medical need, he has failed to provide any facts from which the jury could reasonably infer that defendant was deliberately indifferent to that need.  Deliberate indifference requires that a prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually "draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference may be evidenced by a defendant's actual intent or reckless disregard for a prisoner's health or safety, as shown by highly unreasonable conduct or a gross departure from ordinary care in a situation in which a high degree of danger is readily apparent.  Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985).  The undisputed facts support the conclusion that defendant was not deliberately indifferent.  Nothing in the record shows that plaintiff was exposed to a substantial risk of serious harm or that defendant was aware of any such exposure.

Although plaintiff's allegations suggest that defendant approved a policy that prohibited plaintiff from receiving Adderall unless he pre-paid for it and he could not afford to pre-pay because of the high price charged by the Young's Pharmacy, the undisputed facts

9

establish that the jail permitted plaintiff to obtain Adderall by purchasing it outside the jail and having his girlfriend deliver it to him.  Plaintiff has not shown that defendant or any policy approved by defendant prevented him from obtaining the medication he wanted. Thus, even assuming that plaintiff was required to pre-pay Young' Pharmacy to receive his Adderall from the jail, plaintiff was not at a substantial risk of serious harm because he could, and in fact did, obtain his medication through outside avenues.

Moreover, the undisputed facts prove that defendant was not aware that plaintiff was exposed to any substantial risk of serious harm.  To defeat defendant's motion for summary judgment, plaintiff would have to adduce evidence showing defendant's direct personal involvement or participation or direct responsibility for the conditions that caused plaintiff a substantial risk of serious harm.  Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986). Plaintiff has not submitted any evidence from which a jury could reasonably infer that defendant was aware of any facts from which an inference could be drawn that plaintiff was exposed to a substantial risk of serious harm.

The undisputed facts establish that defendant was not informed about plaintiff's initial December 15, 2007 request for Adderall.  Defendant was unaware that plaintiff went without Adderall from December 29, 2007, until January 2, 2008, because defendant was on vacation during that period.  When he returned to work and was informed about plaintiff's complaints, he reviewed the jail's medication log.  He then proceeded to

10

investigate why the jail's medication log showed two short gaps in plaintiff's receipt of Adderall.  Nurse Ralph told defendant that plaintiff refused to have the jail purchase the Adderall through Young's Pharamacy because of the price Young's was charging but that plaintiff had agreed to obtain his Adderall from an outside source because it would be cheaper.  In reviewing the medication log after January 4, defendant could see that plaintiff was receiving his Adderall throughout January 2008.

It was not deliberate indifference for defendant to rely on nurse Ralph's experience and training to determine whether to let plaintiff go without Adderall until he could fill his prescription through a pharmacy other than Young's.  Hayes v. Snyder, 546 F.3d 516, 527 (7th Cir. 2008) ("The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one.").  Defendant's reliance was supported by his observation that plaintiff was receiving his medication after January 4.  Even assuming that nurse Ralph lied about the reason for plaintiff's failure to receive Adderall, defendant's failure to investigate the issue further would be at most negligence. "Negligence is not deliberate indifference." Id.  Therefore, no jury could reasonably infer that defendant was deliberately indifferent to plaintiff's serious medical need.  Defendant's motion for summary judgment will be granted.

11

ORDER

IT IS ORDERED that:

1.  Defendant Robert Dickman's motion for summary judgment, dkt. #164, is GRANTED;

2.  Plaintiff Thomas W. Shelley's motion to compel, dkt. #193, is DENIED; and

3.  The clerk of court is directed to enter judgment in favor of defendants Randy Hoenisch and Robert Dickman and close the case.

Entered this 10th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

12